## No. 86
ROZENBLAD v. YOUNGSTOWN (City)
Ohio Appeals, 7th Dist., Mahoning County
Decided Nov. 9, 1923

465. ERROR.—Verdict for city in sidewalk case held not manifestly against weight of evidence when plaintiff's testimony is inconsistent.

1273. Counsel on cross-examination may call attention of witness to fact that he has taken oath.

FARR, J.

### Epitomized Opinion
First Publication of this Opinion

This is an action for personal injuries by one Rozenblad. The plaintiff fell while going to work and injured his knee. The evidence disclosed that it was rather dark at the time of the accident and that the sidewalk was covered with ice. In his petition the plaintiff claimed that there was a hole in the sidewalk of which the defendant had knowledge, and for which it was responsible. At the trial the signed statements of the plaintiff and his witness were introduced in evidence which were greatly at variance from the testimony given. The plaintiff's statement seemed to indicate that he had fallen on the icy sidewalk. There was also a great variance as to the place of the accident. The jury returned a verdict for het defendant. Plaintiff prosecuted error. In the judgment of the lower court, the Court of Appeals held:

1. That in view of the inconsistent stories told by plaintiff and his witness the jury was justified in discrediting this evidence and in rendering a verdict for defendant.

2. That no error was committed by the court in permitting counsel in his cross-examination to call the attention of the witness to the fact that he had taken an oath to tell the truth.

Attorneys—Knight & Gluck, and Card Armstrong, for Rozenblad; J. H. Leighninger, for City of Youngstown.

---

## No. 87
EVERSTINE v. McCASKEY REGISTER CO. et al

Ohio Appeals, 7th Dist., Mahoning County
Decided Oct. 19, 1923

639. INJUNCTION—Injunction lies to restrain levying execution when entry of Justice of the Peace is not a judgment.

FARR, J.

### Epitomized Opinion
First Publication of this Opinion

This was an action to restrain the Sheriff of Mahoning county from levying an execution on the goods and chattels of one Everstine. The execution so issued was upon a judgment claimed to have been rendered by Sexton, a Justice of the Peace. The evidence disclosed that in March, 1921, the Cash Register Company filed a bill of particulars in the court of the Justice of Peace asking judgment against Everstine in the sum of $236.48. At the hearing the parties attempted to agree upon a suitable date for a trial, but no definite arrangement being made the Justice made an entry of confession of judgment. It was upon this judgment that the execution in question was issued. As the injunction was granted, the defendant appealed. In affirming the decree of the lower court, the Court of Appeals held:

1. The entry of the judgment really amounted to no judgment because nothing was determined and the entry of the alleged judgment is simply a statement invalid and of no effect so far as a judgment is concerned, because it was not a final determination of the rights of the parties in that it does not affirm that a legal liability does or does not exist; therefore, the injunction was properly granted.

Attorneys—D. W. Mumaw, for Everstine; W. W. Zimmerman, for McCaskey Register Co. et al.